### RAYMOND DAUGHERTY V. STATE.

No. 24194. December 8, 1948.
Rehearing Denied January 12, 1949.

Hon. H. W. Fillmore, Judge Presiding.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction of murder with malice in which the jury assessed the penalty of ten years in the penitentiary.

The indictment charges the murder of Ray Morrow by cutting him with a knife on the 4th day of October, 1947. The statement of facts, brought to this Court in proper narrative form, contains a detailed account, of a drunken party at a beer "Den"

in the town of Electra, at which appellant, the deceased and two girls were engaged in drinking for a considerable time. The men fell out over a remark made by one to a girl and the fight started there. They were invited to leave the house and did so. One of the girls took the deceased by the left arm and appellant by the right arm and was apparently leading them home. Along the way, a short distance from the Den, they renewed fighting at which time both had their knives. Appellant stabbed deceased in the groin inflicting a small wound which penetrated an artery, from which the party bled to death.

The statement of facts indicates a very spirited trial in which there was much conflict between the prosecution and the defense. The objections growing out of this appear in a most unusual instrument designated "Bills of Exception." It consists of a list of questions, the objections and answers, certified to by the court reporter as having taken place in the trial of the case. The writer is impressed that this method of procedure, in rather a brief way, presents a lot of objections that were taken, but whether it was comprehensive or not cannot be determined. It in no sense complies with the rules laid down by the legislature for bringing exceptions to the consideration of this Court. No effort is made to do so and we are without authority to consider the same for any purpose. The trial court refused to approve this instrument as bills of exception and properly so.

In the state of the record we find nothing presented for our consideration. The indictment is in proper form; the party was arraigned, and the evidence submitted to the jury who found him guilty of murder with malice.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant claims that there has been a failure of correspondence between the allegation and the proof in this: that the indictment alleges that appellant killed the deceased by cutting him with a knife, and the proof shows that he stabbed him with a knife. Evidently a stab with a knife and a cut with a knife mean the same thing, although there might be a difference in the angle upon which the knife penetrated. We think the appellant was given proper notice of the offense charged against him and that the proof corresponded with the allegation.

The motion will therefore be overruled.